BAPTISTE FARGIER, Appellant, *v.* HENRY L. DOHERTY, Trading under the Firm Name and Style of " HENRY L. DOHERTY & COMPANY," Respondent.

First Department, January 9, 1931.

*David H. Feldman* of counsel [*Albert R. Lesinsky,* attorney], for the appellant.

*Joseph A. Burdeau* of counsel [*Charles E. Gately* with him on the brief; *Frueauff, Robinson & Sloan,* attorneys], for the respondent.

SHERMAN, J. This appeal tests the sufficiency of a separate defense. The complaint is for the value of stock purchased from defendant, through its agent de Lormes, it being averred that defendant received the purchase price upon the express promise that he would deliver to plaintiff the shares so purchased. After admitting the important allegations of the complaint, defendant seeks exculpation from liability in a separate defense wherein it

is stated that the agent, subsequently to the times mentioned in the complaint, drew a check for a larger sum than the purchase price to the order of plaintiff, which was accepted by plaintiff who entered into an agreement with the agent whereby the agent agreed to be personally responsible for the delivery to plaintiff of the shares of stock, but that plaintiff did not present the check to the bank, upon which it was drawn, for several months, and that the bank then refused payment on the ground that the drawer did not have sufficient funds on deposit to meet it, and that the plaintiff suffered his loss because of his negligence and unreasonable delay in presenting the check to the bank, and, as a conclusion, that plaintiff elected to look to the agent personally for the delivery of the shares of stock.

The facts as pleaded constitute no defense. It does not appear for what purpose the check was delivered by the agent to plaintiff, nor can plaintiff's loss in that respect inure to the benefit of defendant. Moreover, the allegations fall short of showing a novation whereby plaintiff replaced the defendant by his agent, as the party liable upon the transaction set forth in the complaint, and accepted the agent's engagement in place of his principal's; nor is there any basis for the claim that the facts pleaded constitute an accord and satisfaction.

The court below apparently relied on cases where plaintiff actually released the principal and looked solely to the agent for relief. No such engagement can be spelled out of these allegations. Cases where a plaintiff, having discovered that the agent acted for an undisclosed principal, actually made his choice and elected to recover from the agent instead of the principal, have no application here.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion to strike out defendant's first and separate defense is granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.